**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILLIP DEWAYNE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00785-NCC |
| | ) | |
| JEFFREY GOLDFARB, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Phillip Dewayne Stewart for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed plaintiff's previous filings in federal court, the Court has determined that plaintiff, while incarcerated, has brought three or more civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis, and dismiss his complaint without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated in the Ouachita River Correctional Unit in Malvern, Arkansas. On June 16, 2021, he filed a civil rights action in the United States District Court for the Western District of Arkansas, naming attorney Jeffrey Goldfarb as the defendant. (Docket No. 1). Along with his complaint, he filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

The Western District of Arkansas determined that it had no connection to the allegations in plaintiff's complaint, save for the fact that plaintiff was incarcerated within the district. (Docket No. 3). Rather, all actions described by plaintiff occurred in St. Louis County. Accordingly, in the

interests of justice, the Western District transferred the matter to this Court, without ruling on plaintiff's motion for leave to proceed in forma pauperis. The Court accepted transfer on June 29, 2021. (Docket No. 4).

**The Complaint**

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983. As noted above, the sole defendant is Jeffrey Goldfarb, plaintiff's former public defender. (Docket No. 1 at 1). Goldfarb is sued in both his official and individual capacities. (Docket No. 1 at 2). The case involves Goldfarb's allegedly ineffective assistance of counsel.

In his "Statement of Claim," plaintiff asserts that Goldfarb was his court-appointed attorney from March 26, 1998 to June 25, 1998. (Docket No. 1 at 5). During this time, plaintiff states that Goldfarb violated his Sixth and Fourteenth Amendment rights in various ways.

First, plaintiff claims that Goldfarb failed to investigate his case with regard to plaintiff's arrest in Pine Lawn, Missouri. He asserts that Pine Lawn police arrested him on February 11, 1998, held him until February 13, 1998, and then "released" him without him ever having a court appearance or appointing him counsel. Plaintiff states this amounted to an unlawful arrest, a violation of his right to a speedy trial, and a violation of his right to counsel. He further alleges that if Goldfarb had properly investigated, he would have known these things, and that he would have learned that Pine Lawn had no jurisdiction to arrest him. (Docket No. 1 at 6).

Second, plaintiff contends that if Goldfarb had properly investigated his case, Goldfarb would have determined that plaintiff had been subjected to "double jeopardy" in violation of the Fifth Amendment. (Docket No. 1 at 7). Specifically, plaintiff asserts that his arrest on February 11, 1998 by Pine Lawn police constituted his first arrest. When he was "released" on February 13, 1998, he was arrested by the City of Overland, Missouri. According to plaintiff, this second arrest constituted double jeopardy, because he was "twice put in jeopardy of life" for the same offense.

2

Third, plaintiff claims that Goldfarb was ineffective because he failed to properly investigate his case with regard to his "unlawful arrest" by the City of Overland. (Docket No. 1 at 8). According to plaintiff, there was no accusation of him ever committing a crime in Overland, meaning that his subsequent arrest violated due process.

Fourth, plaintiff asserts that Goldfarb was ineffective in failing to investigate his "unlawful arrest" in the City of Vinita Park, Missouri. (Docket No. 1 at 10). Plaintiff argues that this was his third arrest for the same crime, following arrests in Pine Lawn and Overland. As such, he states that his Fifth Amendment right to be free from double jeopardy was violated. Furthermore, plaintiff suggests that there was no witness statement indicating that he had committed a crime in Vinita Park. (Docket No. 1 at 11).

Fifth, plaintiff accuses Goldfarb of failing to recognize that his speedy trial rights had been violated. (Docket No. 1 at 12). In particular, he states that he was held in Vinita Park from March 2, 1998 to March 26, 1998, without having a first appearance, in alleged violation of the Sixth Amendment.

Sixth, plaintiff states that Goldfarb was ineffective in failing to investigate the manner in which his case was transferred from Vinita Park to the Circuit Court of St. Louis County, without him ever having a court appearance in Vinita Park. (Docket No. 1 at 13). Plaintiff asserts that his case should not have been transferred from a lower court to a higher court without him making "a first court appearance in the lower court."

Seventh, plaintiff accuses Goldfarb of failing to recognize that his case before the Circuit Court of St. Louis County amounted to a "fourth arrest," in violation of the Double Jeopardy Clause. (Docket No. 1 at 14). He asserts that his Fifth Amendment rights were violated the moment that the Circuit Court accepted the transfer of his case.

Eighth, plaintiff states that Goldfarb was ineffective by failing to investigate the "prosecution history" of his case. (Docket No. 1 at 15). He claims that if Goldfarb had investigated properly, he would have known that when he was questioned by the Overland Police on February 13, 1998, he was being harassed.

Finally, plaintiff accuses Goldfarb of ineffective assistance of counsel by failing to investigate the delay in his first appearance hearing, once his case had been transferred to the Circuit Court of St. Louis County. (Docket No. 1 at 16). He states that the Circuit Court received his case on March 26, 1998, and that he did not have his first court date until June 25, 1998, which allegedly amounted to a violation of his right to a speedy trial.

As a result, plaintiff seeks $20 million in punitive damages, $20 million in compensatory damages, and injunctive relief. (Docket No. 1 at 4). He also wants his criminal conviction voided.

**Discussion**

Plaintiff is a self-represented litigant who is currently in the custody of the Arkansas Department of Corrections. He seeks leave to bring this 42 U.S.C. § 1983 action without prepayment of the required filing fee. However, while he has been incarcerated, plaintiff has filed at least three prior cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim. As such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to plaintiff refiling a fully-paid complaint.

**A.  28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending." *Id*. at 1765. For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

### B. Plaintiff's Previous "Strikes"

Review of plaintiff's litigation history in the Arkansas District Courts shows that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g). *See Stewart v. Hobbs*, No. 5:13-cv-381-JLH (E.D. Ark. Jan. 31, 2014); *Stewart v. Hobbs*, No. 6:15-cv-6023 (W.D. Ark. Jan. 26, 2016); *Stewart v. Evans*, No. 5:16-cv-81-DPM (E.D. Ark. Mar. 24, 2016); and *Stewart v. Griffen*, No. 4:17-cv-579-BRW (E.D. Ark. Sept. 14, 2017). All of these strikes had accrued before plaintiff filed the instant action on June 16, 2021.

The United States District Court for the Eastern District of Arkansas has specifically noted that plaintiff is a three-striker, and has denied him leave to proceed in forma pauperis. *See Stewart v. Brewer*, No. 3:20-cv-52-KGB (E.D. Ark. Nov. 4, 2020). Additionally, the United States Court of Appeals for the Eighth Circuit has determined that plaintiff has acquired three strikes under 28

U.S.C. § 1915(g), and that he may not proceed on appeal without prepayment of the appellate filing fee. *See Stewart v. Griffin*, No. 20-2514 (8th Cir. 2020); and *Stewart v. Evans*, No. 16-3278 (8th Cir. 2016). The United States District Court for the Eastern District of Missouri has also denied plaintiff leave to proceed in forma pauperis because he has at least three prior § 1915(g) strikes. *See Stewart v. Goldfarb*, No. 4:21-cv-5-JAR (E.D. Mo. Apr. 6, 2021).[1] Therefore, plaintiff cannot proceed in forma pauperis unless the imminent danger exception applies.

### C. Imminent Danger

Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Nevertheless, pursuant to 28 U.S.C. § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*. Furthermore, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

Here, plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury, or that he is at any risk of an impending harm. The facts he has presented do not

---

[1] The Court notes that *Stewart v. Goldfarb*, No. 4:21-cv-5-JAR (E.D. Mo. Apr. 6, 2021) is strikingly similar to the instant case. As in this case, it names Jeffrey Goldfarb as the sole defendant, and alleges that Goldfarb provided ineffective assistance of counsel regarding plaintiff's arrests and incarcerations between February 11, 1998 and June 25, 1998.

concern the conditions of his confinement in prison, or in any way indicate that he is facing any danger. Quite to the contrary, plaintiff's suit concerns the effectiveness of his court-appointed attorney nearly twenty-three years ago. His attorney's alleged failure to investigate his old criminal case does not implicate any actual or potential physical injury in the present. Because plaintiff has failed to show that the exception to the three-strikes provision in 28 U.S.C. § 1915(g) applies to him, the Court will deny his motion for leave to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

### D. Failure to State a 42 U.S.C. § 1983 Claim

Even if plaintiff were allowed to proceed in forma pauperis, his complaint fails to state a claim under 42 U.S.C. § 1983. "The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (stating that the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state

law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel").

Here, plaintiff is accusing his public defender of ineffective assistance of counsel for various alleged failures to investigate. However, the investigation of a case is one of the traditional functions of a defense attorney. As such, Goldfarb was not acting under color of state law for purposes of 42 U.S.C. § 1983. Therefore, the claim against him is subject to dismissal.

### E. Statute of Limitations

Plaintiff's civil action is also subject to dismissal because it is time-barred. There is no statute of limitations contained within 42 U.S.C. § 1983; however, the United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers*, 960 F.2d at 751.

In Missouri, the statute of limitations for personal injury actions begins when the damage is capable of becoming known, not when the injury is actually discovered. *See Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. 2006); and *Chem. Workers Basic Union, Local No. 1744 v. Arnold Sav. Bank*, 411 S.W.2d 159, 163-64 (Mo. 1966).

In this case, any damages suffered by plaintiff would have been capable of becoming known by June 25, 1998, at the latest.[2] By that point, according to plaintiff, Goldfarb had already

---

[2] Plaintiff's criminal case is *State of Missouri v. Stewart*, No. 2198R-01202-01. The Court reviewed this case on Case.net, Missouri's online case management system, and takes judicial notice of this public record. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and

failed to investigate his arrests and incarcerations in Pine Lawn, Overland, and Vinita Park. Pursuant to the five-year statute of limitations, plaintiff had until June 25, 2003 to timely file his case. Plaintiff did not file the instant action until June 16, 2021, by placing the complaint in his prison's mailing system. At the time he filed, the statute of limitations had already been expired for seventeen years and eleven months. Thus, it is plainly apparent that plaintiff's case is time-barred and subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of July, 2021.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

*Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). According to Case.net, plaintiff was arraigned on March 12, 1998. On June 25, 1998, he pleaded guilty to one count of felony sexual abuse. He was sentenced that same day to four months incarceration, given credit for time already served, and ordered released from custody. Plaintiff did not file an appeal. There is also no indication that he filed any other postconviction action related to this matter.